12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MAGGARD, Plaintiff-Appellant,
v.
Michael O'DEA, Warden; Shuroch Electronics, Defendants,
Sgt. Waddel, Defendant-Appellee.
 No. 93-5267.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Charles Maggard, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, Maggard sued the warden (O'Dea) of the Eastern Kentucky Correctional Complex, a sergeant (Waddel), and Shuroch Electronics, alleging that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court adopted the magistrate judge's recommendation that it dismiss defendants O'Dea and Shuroch Electronics because Maggard had not made a showing that these defendants were personally involved in, or condoned, the alleged violations. Maggard did not file any objections to the magistrate judge's report recommending dismissing these defendants. Thereafter, Maggard filed an amended complaint indicating that the only remaining defendant (Waddel) was being sued in both his individual and official capacities.
 
 
 4
 After reviewing Waddel's motion for summary judgment and Maggard's response, the magistrate judge filed a second report recommending that the district court grant summary judgment for the defendant. Over Maggard's objections, the district court adopted the recommendation and dismissed the complaint. Maggard has filed a timely appeal in which he challenges the district court's order granting summary judgment for Waddel The defendant-appellee has submitted a letter to the court indicating that he will not be filing a brief.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to defendant Waddel because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Maggard has not established that the defendant was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation